Ccb1ovea

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

          v.                          12-CR-48 (RPP)

HORST WALTHER OVERDICK-MEJIA,

               Defendant.             Arraignment

------------------------------x
                                      New York, N.Y.
                                      December 11, 2012
                                      4:35 p.m.

Before:

               HON. ROBERT P. PATTERSON, JR.,

                                      District Judge


                       APPEARANCES

PREET BHARARA
     United States Attorney for the
     Southern District of New York
SHANE T. STANSBURY
     Assistant United States Attorney

WILLIAM ALEXANDER CLAY, ESQ.
     Attorney for Defendant

ALSO PRESENT:  RONALD COLLADO, DEA


ALSO PRESENT:  JORDAN FOX, Spanish Language Interpreter
```

Ccb1ovea

1                (In open court; case called)
2                THE CLERK:  Is the government ready in this matter?
3                MR. STANSBURY:  We are, your Honor.  Good afternoon.
4    Shane Stansbury for the government.  And with me at counsel
5    table is Special Agent Ronald Collado from the DEA.
6                THE COURT:  Good afternoon, Mr. Stansbury and
7    Mr. Collado.
8                THE CLERK:  Defendant ready in this matter?
9                MR. CLAY:  Yes, your Honor.  William Clay representing
10   Horst Walther Overdick Mejia.  We are ready, your Honor, for
11   initial appearance and arraignment.
12               THE COURT:  Good afternoon, Mr. Clay, and good
13   afternoon, Mr. Overdick Mejia.
14               THE DEFENDANT:  Good afternoon, your Honor.
15               THE COURT:  We have a court-certified interpreter in
16   Spanish here.  If Mr. Overdick Mejia can understand the
17   interpreter easily, would he raise one of his hands.
18               He's raised one of his hands.
19               Has this man been presented to a magistrate yet?
20               MR. STANSBURY:  He has not, your Honor.  We're on for
21   both presentment and arraignment, your Honor.
22               THE COURT:  Mr. Horst Walther Overdick Mejia, you have
23   a right to remain silent.  You need not make any statement.
24   Even if you've already made statements to the authorities, you
25   need not make any additional statements.  Any statements that

1  you do make can be used against you.  You're entitled to call
2  the consulate of your country and have them informed of your
3  arrest here.  You have a right to be represented by an attorney
4  at all future proceedings in this case and today, and if you're
5  unable to afford an attorney, I will appoint an attorney to
6  represent you.  I see you have Mr. Clay with you.  I take it he
7  has been retained to represent you in this matter; is that
8  correct?
9        THE DEFENDANT:  Yes, your Honor.  I hired Dr. Bill to
10 be my attorney.
11       MR. CLAY:  Your Honor, just to clarify something, I'm
12 commonly referred to as Bill Clay.  Many Latin clients call me
13 Dr. Bill.  They use Dr., referring to lawyer or -- so he's
14 saying, "I retained Dr. Bill," meaning me, and he has signed a
15 retainer agreement, an engagement letter.  I filed a notice of
16 appearance.
17       THE COURT:  Is that correct, Mr. Overdick Mejia?
18       THE DEFENDANT:  That is correct.
19       THE COURT:  Mr. Bill is the man standing next to you
20 and you retained him?
21       THE DEFENDANT:  Yes, your Honor.  I'm referring to
22 Mr. Billy Clay as my defense attorney.
23       THE COURT: Good.  All right.  Then are we ready for
24 arraignment, Mr. Clay?
25       MR. CLAY:  We are, your Honor.  I reviewed the

1   indictment with the defendant, my client, reviewed it in
2   Spanish with the assistance of my colleague, Roy Rodriguez, who
3   is a fully bilingual attorney speaking English and Spanish, who
4   incidentally had been a professional interpreter, corporate
5   interpreter for many years.  We reviewed the indictment.
6   Mr. Overdick understands it.  We would waive formal reading of
7   the indictment, enter a plea of not guilty, request trial by
8   jury, invoke discovery provisions, and I would point out to the
9   court that Mr. Overdick waives extradition in this country and,
10  through the assistance of a Guatemalan attorney, the
11  extradition process was accelerated considerably, so he's made
12  an effort to come before the court to answer these charges and
13  he's glad to be here, and of course his government, considering
14  it was an extradition, is fully aware of his presence.
15          THE COURT:  All right.  Well, let me ask Mr. Overdick
16  a few questions.  Horst Walther Overdick Mejia, Mr. Clay, have
17  you seen a copy of the indictment charging the defendant with
18  conspiracy to violate the narcotics laws of this country
19  between the dates of 1999 and up to and including about 2011,
20  by conspiring to distribute and possess with intent to
21  distribute and the unlawfully importing into the United States
22  or within borders within a distance of 12 miles of a coast of
23  the United States at least 5 kilograms of cocaine in the first
24  count and in the second count charging, in connection with the
25  crime charged in the first count, the defendant used and

Ccb1ovea

carried a firearm in furtherance of such crime between those dates of 1999 and 2011?  Mr. Overdick, have you discussed with your attorney the indictment charging you with those two crimes?

THE DEFENDANT:  Yes, your Honor.  The attorney gave me a good explanation of all of this.

THE COURT:  And do you want me to read the indictment to you at this time or do you waive the reading of the indictment?  Do you waive a reading of the indictment?

MR. CLAY:  I would suggest that the interpreter, if I might, with all due respect, if he asks the question if Mr. Overdick requires the court or would like the court to read, I think he'll better understand the question.

THE DEFENDANT:  Yes, your Honor.

THE COURT:  I don't know whether you're answering the court or whether you're answering the --

THE INTERPRETER:  Your Honor, the interpreter just repeated what the defendant said.

THE COURT:  I'm sorry?

THE INTERPRETER:  The interpreter is repeating what the defendant said.

THE COURT:  All right.  Then he waives the reading. You waive a reading of the indictment; is that correct, Mr. Overdick?

THE DEFENDANT:  Yes, I do so waive, your Honor.

Ccb1ovea

1       THE COURT:  And you want a plea of not guilty entered
2  in your behalf at this time?
3       THE DEFENDANT:  What was that?
4       THE COURT:  Do you want a plea of not guilty entered
5  on your behalf at this time?
6       THE DEFENDANT:  I plead not guilty, your Honor.
7       THE COURT:  All right.  A plea of not guilty will be
8  entered on behalf of the defendant, Horst Walther Overdick
9  Mejia.
10      When will the government make the necessary discovery
11 to the defense?
12      MR. STANSBURY:  Your Honor, we would propose sometime
13 in the second week of January that we set a date.  We can, of
14 course, begin producing discovery immediately, and I'll just
15 note there are some things that are going to be translated in
16 this case and we're also expecting some items from Guatemala
17 which may take a little bit of time.  If it looks like it's
18 taking beyond that, I can update the court as to where we are,
19 but I would propose some date in the second week of January to
20 be safe at this point.
21      THE COURT:  Well, discovery will be made of the
22 evidence you have here at this time?
23      MR. STANSBURY:  Correct.
24      THE COURT:  By what date?
25      MR. STANSBURY:  I would propose January 11th.

1      THE COURT:  And then in the meantime you'll also try
2 and get the discovery from Guatemala --
3      MR. STANSBURY:  Of course.
4      THE COURT:  -- by January 11th?  And what do you
5 want to do, have a conference after January 11th or determine
6 how long the defense wants for any motions?
7      MR. STANSBURY:  Can I consult with defense counsel for
8 a moment?
9      THE COURT:  Or do you want me to set a schedule for
10 motions at this time?
11      MR. STANSBURY:  Since they're coming from Miami, if we
12 can talk for just a second about a possible date.
13      THE COURT:  Sure.
14      (Counsel conferring)
15      THE COURT:  You can be seated, Mr. Overdick.
16      MR. STANSBURY:  I'm going to allow defense counsel to
17 answer because they're traveling, and I think my schedule's
18 more flexible than theirs.
19      MR. CLAY:  Your Honor, if the court please, we would
20 ask the court to schedule the next conference in February and
21 permit us till second week of February to file motions.  We do
22 anticipate extensive discovery, and I think the government does
23 have quite a few logistical issues in assembling that all, and
24 that based on conversation with government counsel, I know they
25 were going to make a very diligent effort, and we're satisfied

Ccb1ovea

1   with that effort.
2           THE COURT:  So you'd like to have what date in
3   February?
4           MR. CLAY:  February -- I don't know if it works.  I
5   don't have a calendar.  February 11th?
6           THE COURT:  Since you have to travel, I'll accommodate
7   your schedule.
8           MR. CLAY:  I'd ask for approximately February 11, in
9   that time frame.
10          THE COURT:  Monday, Wednesday, Tuesday, make a
11  difference to you?
12          MR. CLAY:  Midweek would be fine, your Honor.
13  Whatever fits the court's schedule is fine with us.
14          THE COURT:  I'll accommodate you.
15          THE CLERK:  11th at 2?  That's a Monday.  Or the
16  13th.
17          MR. CLAY:  For us the 13th.  Monday is always a
18  difficult travel day.
19          THE CLERK:  February 13th at 2.  February 13th at
20  2.
21          THE COURT:  February 13th at what time, Robert?
22          THE CLERK:  2:00.
23          THE COURT:  2:00?
24          THE CLERK:  2:00?
25          THE COURT:  Don't like the sound of that.  Can't we do

Ccb1ovea

1   it at 4:00?  That cuts into the trial day.  What about 1:00?
2              THE CLERK:  13th at 1?
3              THE COURT:  13th at 1.
4              MR. STANSBURY:  Your Honor, if I may, of course I'd
5   ask to exclude time until that day so the parties can both --
6   so defense counsel --
7              THE COURT:  Can view discovery and consider motions.
8   I'll exclude time under the Speedy Trial Act until
9   February 13th.
10             MR. STANSBURY:  Thank you, your Honor.
11             I also want to just state for the record, because I
12  didn't before, just for purposes of presentment, that the
13  defendant did land in the district approximately 10 p.m. last
14  night, on the extradition.
15             THE COURT:  In the district?  You mean Westchester --
16             MR. STANSBURY:  Exactly.  White Plains.
17             THE COURT:  -- or Newburgh?  All right.
18             Anything further to come before the court?  Any
19  applications?
20             MR. STANSBURY:  Not from the government.
21             MR. CLAY:  Nothing from the defense, your Honor.
22  Thank you.
23             THE COURT:  All right.  Thank you very much.
24                                o0o
25